**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor L. Weaver,<br><br>          Plaintiff,<br><br>v.<br><br>Eduardo Castillo, et al.,<br><br>          Defendants. | No. CV-22-01888-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Victor L. Weaver's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to this screening, the complaint will be dismissed.

I.    <u>Legal Standard</u>

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II.     The Complaint

Plaintiff names various Defendants, at times lumping together an entity and an individual named in an official capacity.  Where the form lists "Defendant No. 1," Plaintiff wrote "The State of Arizona," and in the "Job or Title" line he added "Attn: Attorney General Mark Brnovich" and marked that this defendant was being sued in an "official capacity." (Doc. 1 at 2.)  "Defendant No. 2" is listed as "Phoenix Police Department & Det. Eduardo Castillo," again with the "official capacity" box checked. (*Id.*)  "Defendant No. 3" is listed as "Maricopa County Prosecutors Office & Adam

- 2 -

Rowley," also in his "official capacity." (*Id.* at 2-3.) Finally, "Defendant No. 4" is Maricopa Superior Court Judge Timothy J. Ryan in his official capacity. (*Id.* at 3.)

The "factual allegations" section of the complaint appears to pertain to only three of the listed Defendants: Detective Castillo, Prosecutor Rowley, and Judge Ryan. (*Id.* at 7-8.) It is not organized in numbered paragraphs and does not set forth a comprehensible narrative. Rather, Plaintiff appears to set forth facts relevant to a criminal case against him and then briefly rebut some of these facts with statements that are conclusory (for example, "Plaintiff believes this to all be false") or lacking context and clarity (for example, "No testing was done or submitted as alleged to court"). (*Id.* at 7.) Generally, Plaintiff alleges that (1) Detective Castillo "received a search warrant for GPS tracking" that contained statements that were "false," (2) Prosecutor Rowley "made false statements to the bar," and (3) Judge Ryan "interrupted" him "to state his opinion of the law" and "mocked" him "by quoting a narcotics statute" and by referring him "to civil court." (*Id.* at 7-8.)

Plaintiff seeks $180,000,000 in relief "for loss of income, emotional and mental stress, harm to reputation as well as punitive damages." (*Id.* at 5.)

III. Analysis

    **A.** **The State of Arizona And/Or Attorney General Brnovich**

Section 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," although "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989) (quotation

1 | omitted). State agencies are likewise protected from suit under § 1983. *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).

Furthermore, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" unless the State consents, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress abrogates the State's sovereign immunity through appropriate legislation, *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011), neither of which has occurred here. The Eleventh Amendment "bars suits not only against the State when it is the named party but also when it is the party in fact." *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982). Any "suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.*

Under *Ex parte Young,* 209 U.S. 123, (1908), an exception to Eleventh Amendment immunity exists when suit is brought against a state officer, in his official capacity, seeking prospective relief to enjoin an ongoing violation of federal law rather than damages. *Wolfe v. Strankman*, 392 F.3d 358, 364–65 (9th Cir. 2004). But "the doctrine of *Ex parte Young* is of no aid to a plaintiff seeking damages from the public treasury . . . ." *Scheuer*, 416 U.S. at 238.

The State of Arizona and/or Arizona Attorney General Brnovich in his official capacity are not "persons" under § 1983, and also, to the extent that there are any claims against them seeking damages from the public treasury, such claims are barred by the Eleventh Amendment. Furthermore, there are no allegations regarding these Defendants. Any claims in the complaint against the State of Arizona and/or Arizona Attorney General Brnovich are dismissed without prejudice. *Frigard v. United States*, 862 F.2d

- 4 -

201, 204 (9th Cir. 1988) (dismissal for lack of subject matter jurisdiction should be without prejudice "so that a plaintiff may reassert his claims in a competent court" unless the "bar" is "absolute" because "no other court has the power to hear the case" and amendment cannot establish jurisdiction).

### B. Maricopa County Attorney's Office And Phoenix Police Department

"The Maricopa County Attorney's Office is a non-jural entity that is incapable of suing or being sued." *Murrell v. Cohen*, 2018 WL 11395316, *3 (D. Ariz. 2018). Likewise, "Arizona's municipal law enforcement agencies, including the Phoenix Police Department, are not jural entities." *Machowicz v. Maricopa Cnty.*, 2021 WL 4319206, *2 (D. Ariz. 2021). Any claims against the Maricopa County Attorney's Office or the Phoenix Police Department are dismissed with prejudice.

### C. Judge Ryan and Prosecutor Rowley

"It is well settled that judges and prosecutors are entitled to absolute immunity." *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999). This absolute immunity "reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985). "Under certain circumstances, absolute immunity is also extended to agency representatives performing functions analogous to those of a prosecutor or a judge" in order to assure "the independent functioning of . . . officials acting in a quasi-judicial capacity." *Olsen*, 363 F.3d at 923. "Absolute immunity provides protection from personal liability even for clearly erroneous or malicious behavior." *Mason v. Arizona*, 260 F. Supp. 2d 807, 820 (D. Ariz. 2003).

Thus, Judge Ryan and Prosecutor Rowley are entitled to absolute immunity in this

action. All claims against them are dismissed with prejudice.

### D. Detective Castillo

The complaint fails to state claim against Detective Castillo[2] and does not comply with Rule 8 of the Federal Rules of Civil Procedure. Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the statement of the claim is conclusory and the sparce factual allegations lack clarity and context. In short, it is impossible to discern what happened. There is no way to determine what causes of action are being raised, against which defendants, for what conduct. Rule 8 requires "simplicity, directness, and clarity," such that each defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

The claims against Detective Castillo are dismissed with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple,

---

[2] Detective Castillo has been sued in his official capacity. "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* (internal citations omitted). The allegations here are insufficient to make out a claim in any capacity.

concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff is advised that if the amended complaint fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 5 at 7.)

Accordingly,

**IT IS ORDERED** that the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed**

with leave to file an amended complaint by **January 13, 2023**. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **January 13, 2023**, the Clerk of Court shall terminate the action.

**IT IS FURTHER ORDERED** that the motion to allow electronic filing by a party appearing without an attorney (Doc. 3) is **granted** in this case only. The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Order to Beth Stephenson, Attorney Admissions/Admin Clerk.

Dated this 15th day of December, 2022.

Dominic W. Lanza
United States District Judge